IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Roosevelt McCray,<br><br>Plaintiff,<br><br>v.<br><br>A. Waddell, Felicia McKie, J. Herbbert, Bryan P. Stirling,<br><br>Defendants. | Civil Action No. 8:26-cv-961-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff James Roosevelt McCray's ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On April 1, 2026, Magistrate Judge William S. Brown issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action as to Defendants Felicia McKie ("McKie"), J. Herbbert ("Herbbert"), and Bryan P. Stirling ("Stirling"), leaving the action pending as to Defendant A. Waddell ("Waddell"). (ECF No. 9.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On April 23, 2026, Plaintiff filed objections to the Report, and the matter is ripe for review. (ECF No. 15.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In the Report, the Magistrate Judge explained that Defendants McKie, Herbbert, and Stirling were subject to dismissal because Plaintiff has not alleged any substantive facts against them to show their personal involvement in the claims asserted in the case, and because Plaintiff has not alleged any facts to establish supervisory liability under § 1983 as to any Defendant. (ECF No. 9 at 7-8.)

In his objections to the Magistrate Judge's Report, Plaintiff merely restates his assertion that Defendants McKie, Herbbert, and Stirling "ha[d] a part of action due to the defendant A. Waddell by A. Waddell being a[n] employee of a government agency . . . ." (ECF No. 15 at 1.) And he further states that he named "all the defendant[ ]s in this case that ha[d] a part in my claim which cause[d] my injuries . . . ." (*Id.*) Importantly, however, nowhere in his objections does Plaintiff explain how these Defendants were personally involved in his claims or how the facts establish supervisory liability. Thus, Plaintiff points to no factual or legal error in the Magistrate Judge's Report, and after *de novo* review, the Court fully agrees with the Magistrate Judge's analysis and finds Plaintiff's objections unavailing

## CONCLUSION

For the foregoing reasons, the Court adopts and specifically incorporates the

Magistrate Judge's Report (ECF No. 9); the Court overrules Plaintiff's objections (ECF No. 15); and the Court summarily dismisses this action as to Defendants McKie, Herbbert, and Stirling. The case remains pending at this time as to Defendant Waddell.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 9, 2026
Charleston, South Carolina